USDC FLSD 245B (Rev 12/03) - Judgment in a Criminal Case                                                          Page 2 of 6

DEFENDANT: DAYTON DIAZ
CASE NUMBER: 08-60276-CR-ZLOCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **1 Year and 1 Day** as to Count One of the Superseding Indictment.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **on or before Noon, April 17, 2009.**

The Court recommends a Federal facility in State of Florida.

## RETURN

I have executed this judgment as follows:

FILED by _____ D.C.

JUL - 7 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. - FT. LAUD.

Defendant delivered on _06-24-09_ to _FCI Edgefield_
at _Edgefield SC_____, with a certified copy of this judgment.

M.M. Mitchell, Warden
~~UNITED STATES MARSHAL~~

By: _KellyNeal, CSO_
    ~~Deputy~~/U.S. Marshal

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

Page 3 of 6

DEFENDANT: DAYTON DIAZ
CASE NUMBER: 08-60276-CR-ZLOCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district where released.

While on supervised release, the defendant shall not commit any crimes, shall be prohibited from possessing a firearm or other dangerous devices, shall not possess a controlled substance, shall cooperate in the collection of DNA, and shall comply with the standard conditions of supervised release that have been adopted by this Court and with the special conditions listed on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 0:08-cr-60276-WJZ  Document 188  Entered on FLSD Docket 07/08/2009  Page 3 of 6

Case 0:08-cr-60276-WJZ  Document 172  Entered on FLSD Docket 02/20/2009  Page 4 of 6
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                        Page 4 of 6

DEFENDANT: DAYTON DIAZ
CASE NUMBER: 08-60276-CR-ZLOCH

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction** - The defendant shall not apply for, solicit, or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or co-signer, as an individual or through any corporate entity, without first obtaining written permission from the Court.

**Employment Requirement** - The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Permissible Search** - The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Credit Card Restriction** - The defendant shall not possess any credit cards, nor shall he be a signer on any credit card obligations during his term of supervision, without the Court's approval.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: DAYTON DIAZ
CASE NUMBER: 08-60276-CR-ZLOCH

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $82,517.80 |

It is further ordered that the defendant shall pay joint and several restitution with the codefendants in this case in the amount of $82,517.80. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order.

Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of his monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 N. MIAMI AVENUE, ROOM 8N09
MIAMI, FLORIDA 33128**

The restitution will be forwarded by the Clerk of the Court to the victim in this case.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: DAYTON DIAZ
CASE NUMBER: 08-60276-CR-ZLOCH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

    Forfeiture of the defendant's right, title and interest in certain property is hereby ordered consistent with the plea agreement of forfeiture. The United States shall submit a proposed order of forfeiture within three days of this proceeding.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                              Page 1 of 6

# United States District Court
## Southern District of Florida
### FT. LAUDERDALE DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 08-60276-CR-ZLOCH |
| DAYTON DIAZ | USM Number: 77894-004 |

Counsel For Defendant: Jared Bossola, Esq.
Counsel For The United States: Jeffrey Neiman, Esq., AUSA
Court Reporter: Carl Schanzleh

The defendant pleaded guilty to Count One of the Superseding Indictment.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §1349 | Conspiracy to commit mail fraud | September, 2008 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
February 20, 2009

WILLIAM J. ZLOCH
United States District Judge

February 20, 2009

ALL PENDING MOTIONS ARE HEREBY DENIED AS MOOT.